# CIRCUIT COURT OF THE CITY OF RICHMOND

In re Petition of
Frederick Fitzgerald, Jr.

June 12, 2014

Case No. CL 14-1110

BY JUDGE MELVIN R. HUGHES, JR.

A prospective plaintiff has petitioned under Rule 4:2 for permission to take the depositions of representatives of two prospective defendants, an owner of an apartment complex and a pool management company, for an expected wrongful death action arising out of the drowning of a child at the apartment complex pool. The proposed defendants resist the petition on the ground that the conditions for the relief specified under the Rule are not met.

During a hearing on the petition, the parties agreed that plaintiff's counsel made a number of requests to the insurer for the names of the corporate defendants and the person employed as the manager of the pool management company without success. Months later, following those attempts, counsel for the prospective defendants became involved and revealed the names of the corporate apartment complex owner and pool management company but not the pool manager. Counsel agree, once plaintiff learns the identity of the pool manager and suit is filed naming him or her as a party defendant, plaintiff can avoid removal of the action to federal court. They represent that filing suit without naming the manager would probably result in removal where discovery there would disclose the identity. Then, according to defendants' counsel, the federal court will deem this defendant not a necessary party because the pool management defendant admits that the person was acting throughout within the scope of employment. This will make the case not eligible for return to state court. Continuing, defendants argue that, under the terms of the Rule, nothing prevents plaintiff from filing suit without perpetuation of testimony because plaintiff is free to file suit now naming the owner and the management company.

The Rule authorizes perpetuation of testimony by a party who expects to bring litigation "but is presently unable to bring it or cause it to be brought." Rule 4:2(a). The Rule further provides that the court can permit "the perpetuation of the testimony . . . to prevent failure or delay of justice." Rule 4:29(a)(3).

The discussion of the contingencies and motives is interesting. However, the court is unable to predict what may or may not occur in federal court if the case is removed and if the individual party becomes known and made a named defendant and whether the federal court, interpreting federal law, will deem that party not a necessary party based on any admission. No case has been filed, and, thus, there is no opportunity for removal. The court is unable to use a crystal ball and say how things will play out according to counsels' representations. Rather, the court must direct its attention to the here and now.

What the court must do is rely on the Rule and apply it. The salient feature of the Rule lies in the ability of a party to perpetuate testimony, be it his own, an expected defendant, or a witness. The normal expectation is that this would be done to preserve that which may be unavailable when the testimony is needed. Impending witness demise or witness removal from the jurisdiction or the country as "reasons for desiring to perpetuate" testimony under Rule 4:2(b) come to mind. While this is so, the overarching consideration, as mentioned, is to allow a petitioning party to do this when he is "unable to bring [the case] or cause it to be brought." Plaintiff wants to name the pool manager on a theory that the manager was negligent individually and as a servant-agent of his or her employer, something frequently done. Vicarious liability would not relieve that person of liability should a case for negligence be proved.

Certainly an alleged tortfeasor's identity when it can be reasonably ascertained fits under the Rule to permit testimony to be perpetuated so as to "[enable the petitioner] to bring [the action] or cause it to be brought."

Accordingly, the court will grant the Petition under the Rule and allow the petitioner to depose the designees of the expected defendant entities to ascertain the identity of the pool manager.